UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
UNITED STATES OF AMERICA


-against-


WIDOLPH BRUMAIRE, et al.

                                    DOCKET NO:
                                    18-CR-00153 (CM)


                           Defendant.
--------------------------------------------------------------X



**MEMORANDUM OF LAW IN SUPPORT OF WIDOLPH BRUMAIRE'S OMNIBUS
PRETRIAL MOTIONS**



Maryam Jahedi Law Firm
65 Broadway, Suite 1603
New York, New York 10006
T: (646) 455-7678
F: (646) 435-9003
maryam.jahedi@jahedilaw.com



September 14, 2018

## <u>TABLE OF CONTENTS</u>

STATEMENT OF THE FACTS ............................................................................. 6

ARGUMENTS …………………………………………………………….. 7

    I.      Motion for a bill of particulars ………………………………………... 7

    II.    Exclusion of any statements made by Co-defendants in accordance
with *Bruton/Richardson/Crawford* …………………………………………….  11

    III.   Motion for disclosure of the confidential informants ……………………… 13

    IV.   Motion for disclosure of witness list and statements ……………………... 17

    V.    Motion for early disclosure of <u>Jencks</u> Act Material and for timely
disclosure of <u>Brady</u>/<u>Giglio</u> material ………………………………………….. 19

CONCLUSION .............................................................................................  21

## <u>TABLE OF CASES</u>

Blumenthal v. United States,
     332 U. S. 539 (1947)………………………………………………...… 12

Brady v. Maryland,
     373 U.S. 83 (1963)………………………………………….………… 9,12, 18

Bruton v. United States,
     391 U.S. 123 (1968)…………………………………………………… 11

Crawford v. Washington,
     541 U.S. 36 (2004)…………………………………………………….. 12

Cullen v. Margiotta,
     811 F.2d 698 (2d Cir.1987)…………………………………………… 15

Delli Paoli v. United States,
     352 U.S. 232 (1957)…………………………………………………… 11

Dennis v. United States,
     384 U.S. 855 (1966)…………………………………………..……… 8

Giles v. Maryland,
     386 U.S.66 (1965)……………………………………………..……... 9

Holland v. Scully,
     797 F.2d 57 (1986)………………………………………………….. 11

Jencks v. United States,
     353 U.S. 657 (1957)………………………………………………… 19

Richardson v. Marsh,
     481 U.S. 200 (1987)………………………………………....………… 11

Roviaro v. United States,
     353 U.S. 53 (1957)…………………………………….…...12, 14, 15, 16, 17

Socialist Workers Party v. Attorney General,
     565 F.2d 19 (2d Cir. 1977)………………………….…………………… 15

United States v. Alexander,
     495 F.2d 552 (2d Cir. 1974)……………………………..…………….. 16

United States v. Ash,
        413 U.S. 300 (1973)…………………………………………………………….. 8

United States v. Becker,
        502 F.3d 122 (2d Cir. 2007)…………………………………………………… 12

United States v. Bonanno,
        177 F.Supp. 106 (S.D.N.Y.1959)…………………………………..………… 9

United States v. Bortnovsky,
        820 F.2d 572 (2d Cir. 1987)…………………………………………..…… 9,10

United States v. Coppa,
        267 F.3d 132 (2d Cir. 2001)…………………………………………………… 20

United States v. Fields,
        113 F.3d 313 (2d Cir. 1997)…………………………………………………… 15

United States v. Glaze,
        313 F.2d 757 (2d Cir. 1963)…………………………………………..……… 9

United States v. Jass,
        569 F.3d 47 (2d Cir.2009)………………………………………………...……… 11

United States v. Manetti,
        323 F.Supp.683 (D. Del. 1971) ……………………………………………….. 10

United States v. Manley,
        632 F.2d 978 (2d Cir.1980)…………………………………………………… 15

United States v. Marshak,
        364 F.Supp. 1005 (S.D.N.Y. 1973)……………………………………………… 19

United States v. Riggi,
        541 F.3d 94 (2d Cir. 2008)…………………………………………………….. 12

United States v. Santos,
        449 F.3d 93 (2006)…………………………………………………………….. 12

United States v. Sebastian,
        497 F.2d 1267 (2d Cir. 1974)………………………………………………….. 19

United States v. Taylor,
        745 F.3d 15 (2d Cir.2014)………………………………………………….... 11

United States v. Thevis,
    474 F.Supp. 117 (N.D.Ga. 1979)…………………………………...……………… 10

United States v. Torres,
    901 F.2d 205 (2d Cir. 1990)………………………………………….……………… 9

United States v. Tucker,
    262 F.Supp. 305 (S.D.N.Y. 1966)…………………………………………………… 9

United States v. Tucker,
    380 F.2d 206 (2d Cir.1967)……………………………………………....….. 15

United States v. Valenzuela-Bernal,
    458 U.S. 858 (1982)……………………………………………………………15

PRELIMINARY STATEMENT

Widolph Brumaire, by his counsel, respectfully submits this Memorandum of Law in support of his motion for a Bill of Particulars, motion for exclusion of co-defendants out-of-court statements under *Bruton/Richardson/Crawford*, motion for disclosure of the confidential informants, motion for disclosure of witness list and statements, and motion for early disclosure of *Jencks* Act material and timely disclosure of *Brady/Giglio* material.

STATEMENT OF THE FACTS

An indictment filed on February 2, 2018, charges Widolph Brumaire together with other named individuals with "Conspiracy to Commit Bank Fraud" [18 U.S.C. §1344] and "Aggravated Identity Theft" [18 U.S.C. §1028A].   The Indictment merely alleges that between August and November 2017, the defendants together with others known and unknown, "willfully and knowingly, did combine, conspire, confederate, and agree together and with each other to commit bank fraud," and that as part of the conspiracy the defendants with other known and unknown individuals, "willfully and knowingly, would and did execute and attempt to execute a scheme and artifice to defraud a financial institution … and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such financial institution, by means of false and fraudulent pretenses, representations, and promises".   Further the indictment alleges that between August and November 2017, the defendants "knowingly did transfer, possess, and use, without lawful authority, a means of identification of another person, during and in relation to a felony violation".   See a copy of the Indictment annexed to the Declaration of Maryam Jahedi, dated September 14, 2018 (the "Jahedi Declaration") as Exhibit A.

## I. DEFENDANT'S MOTION FOR A BILL OF PARTICULARS

By letter dated September 7, 2018, on behalf of Mr. Brumaire I requested that the government provide a bill of particulars with respect to the Indictment, to which the government did not respond.  See Exhibit B annexed to the Jahedi Declaration.  Pursuant to Local Rule 16.1, I have tried to resolve the issue of a bill of particulars without the necessity of court intervention.  However, the government declines to provide a bill of particulars.  Therefore, Mr. Brumaire pursuant to Fed. R. Crim. P. 7(f) and Fifth Amendment to the United States Constitution, hereby moves this Court for an order compelling the government to file a Bill of Particulars and particularize the indictment as requested below:

(a) Specify each and every financial and monetary transaction alleged, including exact dollar amounts;

(b) Specify the exact amount of money loss attributed to Mr. Brumaire;

(c) Specify the number of victims who suffered any financial loss;

(d) Specify the general conspiracy loss amount actually suffered by any financial institution;

(e) Specify exactly which conduct Mr. Brumaire performed as a principal actor and which he performed as an accomplice under 18 U.S.C. §2 (see, Indict., pg. 3);

(f) Specify which transactions are not considered loss because banks detected the fraudulent nature of the transactions early on;

(g) Identify the "others" who participated in the alleged offense, as well as all individuals who aided, abetted, and assisted the defendants in the alleged offense;

(h) Identify each false and fraudulent pretenses, representations, and promises on which the government intends to prove its case against Mr. Brumaire;

(i) Identify the "unindicted" co-conspirators with whom Mr. Brumaire allegedly conspired who are "known" to the grand jury;

(j) Identify all overt acts not listed in the indictment but upon which the government may rely at trial;

(k) Identify the agreement which underlies the allegation of conspiracy;

(l) Specify the date, time and place such agreement was formulated;

(m) Specify the date, time and place of all meetings relating to the agreement;

(n) Specify the overt act or acts in furtherance of the agreement;

(o) Specify the uncharged bad acts the Government intends to introduce at trial.

<u>MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR A BILL OF PARTICULARS</u>

One of the principal causes of injustice in our criminal justice system is the simple fact that the prosecutor and the defendant do not stand on an equal footing in terms of resources for trial preparation.  The prosecutor has the advantage of extensive preparation before the indictment is filed, the assistance of entire departments of experienced investigators, experts and support personnel, and a budget which imposes few restraints on his trial preparations. <u>United States v. Ash</u>, 413 U.S. 300, 309 (1973).  Moreover, prosecutors frequently treat their theory of the case and anticipated evidence at trial, as well as other relevant information in their possession, with unwarranted secrecy, preventing the defendant from understanding the scope of the Government's theory, and learning what will be used against him, until it is too late for him to prepare a defense.

Pretrial proceedings are designed to minimize, to the greatest possible extent, these inequities in our present system.  In <u>Dennis v. United States</u>, 384 U.S. 855 (1966), Justice Fortas expressed the following sentiments:

> In our adversary system for determining guilt or innocence, it is rarely justifiable for the prosecution to have exclusive access to a storehouse of relevant facts. Exceptions to this are justifiable only by the clearest and most compelling consideration.

*Id.* 873.  Moreover, in <u>Giles v. Maryland</u>, 386 U.S.66 (1965), Justice White (concurring) said that courts enforcing the mandate of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) should seek to equate "what the state knows at trial [with] knowledge held by the defense." <u>Giles v. Maryland</u>, 386 U.S. at 96 (concurring opinion).

In line with these precedents, Mr. Brumaire submits that his modest request for a bill of particulars is both reasonable and necessary for the preservation of his right to a fair trial and his ability to defend himself against the charges brought by the Government and thus should be granted.  Under Federal Rule of Criminal Procedure 7(f), "the court may direct the government to file a bill of particulars."  The purposes and functions of a bill of particulars are: (1) to identify with sufficient particularity the nature of the charges pending against the accused, thereby enabling him to prepare for trial; (2) to prevent unfair surprise; and (3) to permit the accused to interpose a plea of double jeopardy.  <u>United States v. Torres</u>, 901 F.2d 205, 234 (2d Cir. 1990); <u>United States v. Bortnovsky</u>, 820 F.2d 572, 574 (2d Cir. 1987); <u>United States v. Glaze</u>, 313 F.2d 757, 759 (2d Cir. 1963).

A bill of particulars is required "where the charges of the indictment are so general that they do not advise the Defendant of the specific acts of which he is accused." <u>Torres</u>, 901 F.2d at 234 (citations omitted).  Significantly, the "fact that affording the Defendant such protection may, in some cases, require some disclosure of the government's evidence is not a bar to the relief where the particulars demanded are, in fact, necessary to the preparation of the defense."  <u>United States v. Bonanno</u>, 177 F.Supp. 106, 119 (S.D.N.Y.1959).

Courts in this Circuit have consistently interpreted Rule 7(f) broadly to give defendants fair notice of the charges against them as required by the Fifth Amendment to the United States Constitution.  <u>United States v. Tucker</u>, 262 F.Supp. 305, 307 (S.D.N.Y. 1966);

9

Consistent with this approach, any doubt concerning whether a bill of particulars should be granted "must be resolved in favor of disclosure and the conflicting concerns [of the prosecutor and Defendant] must yield to the paramount public interest in affording the accused a reasonable foundation for mounting a defense." United States v. Manetti, 323 F.Supp.683, 696 (D. Del. 1971); See also United States v. Thevis, 474 F.Supp. 117 (N.D.Ga. 1979), aff'd on other grounds, 665 F.2d 616 (5th Cir.), cert. denied, 459 U.S. 825 (1982).

In the instant case, Count One fails to state any of the alleged overt acts necessary to support the government's charge that a conspiracy existed, and that Mr. Brumaire was involved in it. Therefore, a Bill of Particulars is required specifically since the allegations in the indictment are in relation to a conspiracy amongst several known and unknown individuals. The indictment fails to advise Mr. Brumaire of the specific acts he is accused of. It further fails to advise Mr. Brumaire as to the amount of loss attributable to him. A Bill of Particulars is necessary to permit Mr. Brumaire to prepare his defense and avoid prejudicial surprise at trial.

It bears noting that the Government cannot supply the requested particulars simply by directing Mr. Brumaire to the records and documentation that it has thus far produced. As the court in United States v. Bortnovsky expressly held, the Government cannot avoid providing an otherwise proper Bill of Particulars merely by pointing to a voluminous document production:

> The Government did not fulfill its obligation merely by providing mountains of documents to defense counsel who were left unguided as to which documents would be proven falsified. . . In sum, we find that the district court erred by failing to grant a bill of particulars which was vital to [defendants'] understanding of the charges pending and to the preparation of a defense. . .

Bortnovsky, 820 F.2d 572, 575 (2d Cir. 1987).

Thus, under all of the circumstances of the instant case, in order to preserve Mr. Brumaire's constitutional right to a fair trial and ability to defend himself against the indictment, a Bill of Particulars requested, as set forth above should be ordered.

## II. BRUTON/RICHARDSON/CRAWFORD

Mr. Brumaire further moves for exclusion of any hearsay statements made by co-defendants to FBI or Government agents, including USPIS Postal Inspectors, pursuant to Fed. R. Crim. P. 12 (b)(3), confrontation clause under Sixth Amendment, and Fourteenth Amendment. See Delli Paoli v. United States, 352 U.S. 232, overruled. Pp. 391 U. S. 126-137.

"[A] defendant is deprived of his Sixth Amendment right of confrontation when the facially incriminating [statement] of a nontestifying codefendant is introduced at their joint trial, even if the jury is instructed to consider the [statement] only against the codefendant." Richardson v. Marsh, 481 U.S. 200, 207 (1987) (citing Bruton v. United States, 391 U.S. 123, 135–36 (1968)).   A statement of a co-defendant that is facially inculpatory clearly incriminates the defendant.   See Richardson, 481 U.S. at 208. "The crux of [the Confrontation Clause] is that the government cannot introduce at trial statements containing accusations against the defendant unless the accuser takes the stand against the defendant and is available for cross examination."  United States v. Taylor, 745 F.3d 15, 28 (2d Cir.2014) (quoting United States v. Jass, 569 F.3d 47, 55 (2d Cir.2009)) (internal quotation marks omitted).

In Holland v. Scully the Court of Appeal held that admission of the statements of co-defendants violated defendant's sixth amendment rights under *Bruton*.  Holland v. Scully,

797 F.2d 57 (1986).  In addition to the need for such exclusion on constitutional matters, suppression is also required on evidentiary matters.  An essential element of a fair trial is that a jury consider only relevant and competent evidence bearing on the issue of guilt or innocence.  See, e.g., Blumenthal v. United States, 332 U. S. 539, 332 U. S. 559-560; also see Crawford v. Washington, 541 U.S. 36, 67 (2004) (holding that Sixth Amendment prohibits use of testimonial evidence against defendant unless declarant is unavailable, and testimony was subject to prior cross-examination).  Exclusion is warranted in this case as the credibility of the nontestifying co-defendants could not be challenged.

Second Circuit has held that post-*Crawford*, the government may not use the statements in question to prove the existence of a conspiracy charged against all defendants. See United States v. Riggi, 541 F.3d 94, 102 (2d Cir. 2008); United States v. Becker, 502 F.3d 122, 130 (2d Cir. 2007); United States v. Santos, 449 F.3d 93, 100 (2006).  Therefore, *Crawford* precludes the use of co-defendant's statements against non-declarant defendant. See Becker, 502 F.3d at 130.

### III. MOTION FOR DISCLOSURE OF CONFIDENTIAL INFORMANTS

Mr. Brumaire, by and through undersigned counsel, in accordance with the decisions in Roviaro v. United States, 353 U.S. 53 (1957), Brady v. Maryland, 373 U.S. 83 (1963), moves this Court for the entry of an Order directing the government to furnish the name, address, and present location of any informant, confidential informant, informer, confidential source, special employee, source of information, cooperating individual, unindicted co-conspirator, or witness (hereinafter referred to as "informant"), paid or unpaid, of any governmental agency or unit, state or federal, who is supplying or who had supplied

information or performed any role whatsoever which formed the background for, or resulted in the search warrant in this case or the indictment against Mr. Brumaire.

Specifically, Mr. Brumaire requests that the Court direct the government to furnish the following information concerning any such potential government witness:

1.      Whether any informant was a user of any controlled substances or was a distributer of controlled substances, and, if so, the complete nature and extent of his drug use and trafficking.

2.      Whether any informant was suspected, apprehended, or convicted of any crime(s) at any time during which he/she agreed to gather information on behalf of the United States Government.

3.      What crimes or other breaches of law (including jurisdiction and case number) have such informant(s) committed or were suspected of having committed at any time during which he/she agreed to gather information or testify on behalf of the United States Government.

4.      Whether any potential or actual criminal charges against any informant were abandoned, altered, or otherwise disposed of upon agreement with any such informant to gather information or testify on behalf of the United States Government.

5.      What financial arrangements existed or exist between any informant and the agencies of the United States, the New York State, or any other sister state, and the amount of money that has been paid to the informant.

6.      The names, addresses, and criminal records (including juvenile records) of any informant to be called as a witness for the United States Government.

7.      The substance of any plea bargain(s) entered into by the informant and any agency of the United States, New York State, or any other state, and the authority for any such plea bargain(s).

8.      The substance of any agreements made by the United States, New York State, or any other state with any informant not to charge crimes, and the authority for any such agreements.

9.      Information tending to show bias and/or prejudice on the part of any informant.

10.      Information tending to show that any informant has made contradictory or inconsistent statements relative to this case, any related cases, or with regard to Widolph Brumaire.

11.      Information tending to show that any informant suffered from any material defect in perception, memory, veracity or articulation during any time period relevant to the witness' testimony in this case.

12.      Whether there have been any threats made against the life or well-being of any informants and/or their families as a result of any criminal activities or bad acts or due to the providing of any assistance to the United States Government.

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR DISCLOSURE OF CONFIDENTIAL INFORMANTS

In order to properly defend this case, it is imperative that Mr. Brumaire be furnished with the names, addresses and present locations of each and every informant.  Being a participant in, or a witness to, any charged or uncharged misconduct qualifies the informant as a material witness.  The Supreme Court in Roviaro v. United States, 353 U.S. 53 (1957), in

balancing an accused's right to fundamental fairness guaranteed by the Constitution against the government's interest in withholding from disclosure the identity of an informant, recognized what has been known as the "informer's privilege".  The government is not generally required to disclose the identity of confidential informants. *Id* at 59.  "Its interest in protecting the anonymity of informants who furnish information regarding violations of law is strong-withholding an informant's identity improves the chances that such a person will continue providing information and encourages other potential informants to aid the government".  See United States v. Fields, 113 F.3d 313, 324 (2d Cir. 1997); citing, Socialist Workers Party v. Attorney General, 565 F.2d 19, 22 (2d Cir.1977); United States v. Tucker, 380 F.2d 206, 213 (2d Cir.1967).

The defendant bears the burden of showing the need for disclosure of an informant's identity, United States v. Manley, 632 F.2d 978, 985 (2d Cir.1980), and to do so must establish that, absent such disclosure, he will be deprived of his right to a fair trial.  *Roviaro*, 353 U.S. at 60–61, 77 S.Ct. at 627–28.  If such is established, the government's privilege must give way, Cullen v. Margiotta, 811 F.2d 698, 715–16 (2d Cir.1987).  The Defendant need not show that the informant's testimony would actually be helpful to the defense, but instead "the events to which a witness might testify, and the relevance of those events to the crime charged. United States v. Valenzuela-Bernal, 458 U.S. 858, 871 (1982).

While the Court in *Roviaro* recognized the privilege, it expressly pointed out limitations on its applicability.  One such limitation "arises from the fundamental requirements of fairness.  Where the disclosure of an informer's identity, or the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way."  *Roviaro* at 60-61.  If it is

determined that the informant was an "actual participant", that is, "helps to set up the criminal occurrence," then disclosure of the identity of the informant is required.  See *Id* at 64.

In the instant case, the identification of any informant or the production of his/her communications is essential to a fair determination of the issues in the case; therefore, the privilege cannot be invoked.  *Roviaro* at 60-61, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); United States v. Alexander, 495 F.2d 552, 553 (2d Cir. 1974).  Based on the sealed complaint in this case there are at least four co-conspirators who are not named as defendants in the indictment but yet engaged in activity in furtherance of the alleged conspiracy.  See the Sealed Complaint annexed as Exhibit C to the Jahedi Declaration.  For example, based on the sealed complaint such informants actively engaged in bank transactions by depositing checks, which were later determined to be fraudulent, into certain bank accounts.  It is alleged that defendants then made withdrawals from those same bank accounts.  It is also alleged that at times the unnamed co-conspirators would do withdrawals from bank accounts used in the alleged conspiracy.  It is clear based on the information in the sealed complaint that these unindicted co-conspirators played critical role in the alleged conspiracy, that they were actual participants of the conspiracy, and that they actively helped set up the alleged criminal occurrence.

Where the informant is a participant and plays a critical role in the case depriving an accused of the right to interview or call such a witness constitutes a denial of fundamental fairness, and violates his Sixth Amendment rights to confrontation and to effective assistance of counsel.  The desirability of calling the informant as a witness at trial or at least interviewing the witness in preparation for trial is a matter for the accused rather than the

Government to decide. *Id* at 64.  The Supreme Court recognized the importance of disclosing the name and whereabouts of an informant so that the accused would have the opportunity of interviewing the informant in order to adequately prepare for trial.  It is axiomatic that the witness does not belong to either the prosecution or the defense.

The Supreme Court has held that there can be no fixed rule as to when disclosure is essential.  Therefore, the question as to disclosure becomes a matter of balancing the interest of the public in the free flow of information against the accused's right to effectively and adequately prepare for his defense. *Roviaro* at 62.  In this case there is no allegations of prior acts of violence against a witness or obstruction by the accused so there is no basis to argue that disclosure of the identity of these individuals would jeopardize their safety.

<u>IV. MOTION FOR LIST OF WITNESSES AND WITNESS STATEMENTS</u>

Mr. Brumaire respectfully moves this Court for an Order directing the government to make available the following:

1.     A written list of the names and addresses of all witnesses the government intends to call in their case-in-chief, which list is to be provided sufficiently before trial to permit adequate defense preparation.

2.     All written or recorded statements and all oral statements reproduced or summarized in any manner by any prospective government witness in connection with this case.

3.     The names, addresses, and statements whether written, recorded or summarized in any manner, of all persons known to have knowledge of statements made by Mr. Brumaire which pertain to the subject matter of this indictment or knowledge pertaining

to this case, or who have been interviewed by government agents in connection with this case.

4.      A copy of all original notes and memorandum whether handwritten or otherwise, that may have been made by any and all state and/or federal agents investigating this case, including any person acting as an informant or in an undercover capacity.

5.      The names and addresses of all witnesses and any documentary evidence known to or in the possession of the government which is favorable to Mr. Brumaire or which may lead to material exculpatory to Mr. Brumaire or which is material to the preparation of his defense under <u>Brady v. Maryland</u>, 373 U.S.83, 83 S.Ct. 1194, 10 L.Ed. 2d 215 (1963).

6.      Any and all evidence of criminal conduct, including but not limited to, state or federal convictions, on the part of any person whom the government intends to call as a witness at trial.

7.      Any and all promises, understandings, or agreements, formal or informal, between the Government, its agents or representatives and other persons (including counsel of such persons) whom the Government intends to call as witnesses at trial.  This request includes, but is not limited to, such promises, understandings or agreements as may have been made in connection with other cases or investigations.   This request includes information concerning any payment of monies or promise of immigration benefits to any prospective witness.

8.      Any and all evidence that any person who is a Government witness or prospective witness in this case is, or was, suffering from any physical or mental disability or emotional disturbance, drug addiction or alcohol addiction.

9.      Names of any witnesses, or prospective witnesses, who are, or have been, in the Witness Protection Program and furnish all documents pertaining to any offers by the Government to any witness, or prospective witness, to enter the Witness Protection Program.

<u>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR LIST OF WITNESSES AND WITNESS STATEMENTS</u>

Disclosure of the names of witnesses to be called by the government at trial is a recognized federal practice.  Mr. Brumaire seeks also to have this Court set a reasonable time prior to trial within which such disclosure shall be made.

It is well settled that not all statements of prospective witnesses fall within the purview of 18 U.S.C. §3500 (*Jencks Act*). See <u>Jencks v. United States</u>, 353 U.S. 657 (1957). If the statements were made by persons the government does not intend to call at trial, they are discoverable before trial under Fed. R. Crim. P. 16(a)(1)(C). See <u>United States v. Marshak</u>, 364 F.Supp. 1005 (S.D.N.Y. 1973).

Assuming that some of the statements requested can arguably be classified as *Jencks Act* material, the exigencies of the case command their pretrial disclosure.  Immediate production should be encouraged for the purposes of allowing adequate defense preparation and achieving an orderly trial.  <u>United States v. Sebastian</u>, 497 F.2d 1267, 1270 (2d Cir. 1974).

<u>V. MOTION FOR EARLY DISCLOSURE OF JENCKS ACT MATERIAL AND FOR TIMELY DISCLOSURE OF BRADY/GIGLIO MATERIAL</u>

While the *Jenks* and *Brady/Giglio* material are usually provided immediately prior to the commencement of trial, such late disclosure will not provide Mr. Brumaire an adequate opportunity to effectively prepare his defense, as it will not give the defense sufficient time to

investigate the disclosed information.  To adequately prepare in this case all *Brady/Giglio* material should be disclosed immediately, and all *Jencks* Act material should be disclosed no later than one month before trial.

(i) EARLY DISCLOSURE OF <em>JENCKS</em> MATERIAL

Mr. Brumaire should be afforded sufficient time to examine and utilize the *Jencks* Act material in a meaningful manner before and during trial.  Pursuant to the Fifth and Sixth Amendments to the U.S. Constitution, Rule 2 of the Federal Rules of Criminal Procedure and its inherent supervisory powers, the Court has the authority to override the timing provisions set forth in the Act and in Rule 26.2.  It is important to note that Rule 26.2, unlike its predecessor the *Jencks* Act, contains no language explicitly precluding the disclosure of witness statements prior to trial.  Compare Federal Rules of Criminal Procedure 26.2 with 18 U.S.C. §3500(a).

The government should disclose *Jencks* material to defense counsel as soon as practicable following the defense's request for disclosure because it will not only assist defendant in achieving a fair trial, but also serve the public interest in expediting the fair resolution of criminal cases.  See ABA Standards for Criminal Justice §11-2.2.

For defense counsel to conduct a proper investigation and adequate trial preparation, the defense will need to receive *Jencks* material well in advance of commencement of trial.

(ii) TIMELY DISCLOSURE OF <em>BRADY/GIGLIO</em> MATERIAL

Unlike our above request for early disclosure of *Jencks* material, here we are requesting timely disclosure of *Brady/Giglio* material, which is to be turned over "in time for its effective use…" United States v. Coppa, 267 F.3d 132, 144 (2d Cir. 2001).  The only reasonable basis for the government to resist early disclosure of *Jencks* and timely disclosure

of *Brady/Giglio* is a claim that such disclosure would pose a threat to government witnesses. In this case to date no existence of threat to safety of government witnesses has been expressed or communicated to defense counsel.  Therefore, there is no risk associated with early disclosure.

Accordingly, in order to afford Mr. Brumaire a meaningful opportunity to present the best defense at trial, we request that the government be ordered to disclose all *Brady/Giglio* material to defense counsel immediately, and all *Jencks* material well in advance of commencement of trial.

<u>CONCLUSION</u>

Upon all of the above, it is respectfully submitted that this Court should issue an order requiring the government to provide a Bill of Particulars.  In addition, this Court should issue an order requiring for exclusion of the co-defendants out-of-court statements under *Bruton/Richardson/Crawford*, disclosure of confidential informants, disclosure of a witness list and statements, early disclosure of *Jenks* Act material and for timely disclosure of *Brady/Giglio* material.  Further, the affirmant respectfully requests this Court to grant request to join in all motions made by co-defendants pursuant to Fed. R. Civil. P. 12 (g) to the extent that such motions are not inconsistent with Mr. Brumaire's motions. Lastly, it is respectfully submitted that this Court reserve to Mr. Brumaire the right to amend or supplement this motion and grant other and further relief as this Court may deem just and proper.

Dated:   New York, New York
         September 14, 2018

Respectfully submitted.

_____/S/_____
MARYAM JAHEDI, ESQ.

Attorney for Defendant
65 Broadway, Suite 1603
New York, New York 10006
(646) 455-7678